Robert K Lu (Cal. Bar. No. 198607)
 rlu@reidwise.com
**REID & WISE LLP**
U.S. Bank Tower
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel.: 619.300.1849
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BEIBEI DU, MENG XIAO, XINXIN LI, YUN GAO, and YAO YAO,**<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU**, in her official capacity as the Director of USCIS; **DONNA P. CAMPAGNOLO**, in her official capacity as the Director, California Service Center, USCIS; **LOREN MILLER**, in his official capacity as the Director, Nebraska Service Center, USCIS; and **USCIS TEXAS SERVICE CENTER DIRECTOR**<br><br>Defendants. | Case No. 2:21-cv-6391<br><br>**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>[*Plaintiffs' Declaration concurrently filed and attached hereto*] |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

# PETITION FOR WRIT OF MANDAMUS

## INTRODUCTION

This is an action brought by Plaintiffs pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, et. seq., challenging an unlawful delay of agency action by the United States Citizenship and Immigration Services ("USCIS") and its service centers and seeking an order from this Court to compel Defendant USCIS comply with the law and provide a timely adjudication of Plaintiffs' applications for H-4 status and Employment Authorization Document ("EAD").

## JURISDICTION

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and the Mandamus Act, 28 U.S.C. § 1361.

## VENUE

2.  Venue in this district is proper under 28 U.S.C. § 1391(e)(1).  Under this section, venue is proper if suit is brought in a district where a defendant resides or a substantial part of the events or omissions giving rise to the claim occurred.  This district is the proper venue for this action because this district is in which Defendant USCIS officer, the Director of USCIS California Service Center, resides; and the USCIS California Service Center, is where Plaintiff Yun Gao's applications are pending with.

# PARTIES

**Plaintiff Beibei Du**

3.      Plaintiff, Beibei Du, a citizen of China and resident of Jamaica Plain, Massachusetts, is currently under H-4 status which is valid through June 1, 2022. Plaintiff Du's husband, Changbin Jing, is in H-1B status and has an approved I-140 petition (Immigrant Petition for Alien Workers).  On August 13, 2020, Plaintiff Du lawfully filed a Form I-765 to apply for her H-4 EAD based on her husband's approved H-1B extension approval and I-140 petition approval.  Her H-4 EAD application has been pending with USCIS for *almost twelve months*.  She has been unemployed since October 2020 because of the alleged delay, and she will have to stay unemployed as USCIS continues the delay.  As the same time, her previous employer has showed explicit intent to rehire her once she receives her H-4 EAD.  Plaintiff Du is a mother of two.  As her husband's salary alone is not enough to cover the family's expenses, Plaintiff's family of four is suffered the harms caused by the alleged delay.  Her declaration is attached and incorporated as part of this petition.

   **Plaintiff Meng Xiao**

4.      Plaintiff, Meng Xiao, is a citizen of China and resident of Redmond, Washington.  She is currently out of status, as her previous H-4 status expired on July 4, 2021.  Plaintiff Xiao's husband, Xiangyu Dong, is in H-1B status and has an approved I-140 petition.  On January 6, 2021, Plaintiff Xiao has properly filed a Form I-539 to extend

her H-4 status and a Form I-765 of EAD renewal application well within the six-month filing window prescribed by Defendants. Her H-4 EAD has been pending with USCIS for ***more than seven months***. Since her upcoming new job will shortly start on September 9, 2021, she is in desperate need of her H-4 EAD to be approved to start working, end the unemployment, and yield income for her family. Her declaration is attached and incorporated as part of this petition.

**Plaintiff Xinxin Li**

5. Plaintiff Xinxin Li is a citizen of China and a resident of Fremont, California. She is currently staying in the United States under H-4 status with a valid EAD, both of which are valid through August 15, 2021. On May 3, 2021, Plaintiff Li filed a Form I-539 to extend her H-4 status and a Form I-765 for H-4 EAD renewal based on her husband's H-1B extension approval and approved I-140 petition. Her applications have been pending with USCIS for ***more than three months***. Previously, Plaintiff Li filed her initial H-4 and EAD applications on August 1, 2021, which were approved on June 11, 2021, 10.5 months after the filing. The previous delay has resulted in Plaintiff's four-month unemployment. However, the previous delay also renders that Plaintiff Li only has a valid EAD card with two-month validity until August 15, 2021. As USCIS repetitively and routinely delays Plaintiff's EAD applications, Plaintiff Li would have to cease her works again on August 16, 2021. The repetitive unemployment caused by USCIS has caused financial harms to Plaintiff Li and her family. Furthermore, Plaintiff

Li is currently working as an Associate Scientist. Her job responsibilities focus on anti-cancer, rare diseases drug development, and COVID-19 vaccine development which are at public health concern and in the national interest. Her sudden stop of work will cause her employer financial loss and negatively impact the public health industry. Her declaration is attached and incorporated as part of this petition.

**Plaintiff Yun Gao**

6. Plaintiff, Yun Gao, a citizen of China and resident of Newark, California, is currently under H-4 status, which is valid through July 24, 2022. Plaintiff Gao's husband, Zhouyuan Yang, is in H-1B status and has an approved I-140 petition. On December 24, 2020, Plaintiff Gao has filed a Form I-765 to renew her H-4 EAD, and her H-4 EAD application has been pending with USCIS for *more than seven months*. She is in urgent need of his renewed EAD to start working for her upcoming employer and to lessen the financial burden of her family, including her two-year-old child. Her declaration is attached and incorporated as part of this petition.

**Plaintiff Yao Yao**

7. Plaintiff, Yao Yao, a citizen of China and resident of Northville, Michigan, is currently staying in the United States under H-4 status with a valid EAD, both of which are valid through August 14, 2021. Plaintiff Yao's husband, Min Zhang, is in H-1B status and has an approved I-140 petition. On March 10, 2021, Plaintiff Yao filed a Form I-539 to extend H-4 status and a Form I-765 to renew her H-4 EAD. Both her H-4 and

EAD applications have been pending with USCIS for *more than five months*. She will be forced to stop working after August 14, 2021, until USCIS adjudicates her applications. She is a mother of two young children. She needs her job to support her family. She is in urgent need of the pending EAD to keep her employment and resume works as soon as possible. Her declaration is attached and incorporated as part of this petition.

**Defendant USCIS**

8. Defendant United States Citizenship and Immigration Services ("USCIS") is the agency within the Department of Homeland Security which is responsible for adjudicating the Change/Extend of Nonimmigrant Status application and the application for EADs.

**Defendant Ur Jaddou**

9. Defendant Ur Jaddou is sued in her official capacity the Director of United States Citizenship and Immigration Services ("USCIS"), she oversees the Service Centers providing service for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits at Service Centers where the Plaintiffs' applications remain pending.

**Defendants Directors of USCIS California, Nebraska, and Texas Service Centers**

10. Defendants Directors of USCIS California Service Center, Nebraska

Service Center, and Vermont Service Center are sued in their official capacity as the Directors of USCIS Service Centers in charge of the final adjudication of Plaintiffs' H-4 and EAD applications in a timely manner.

## STATUTORY AND REGULATORY BACKGROUND

**Congressional Intent**

11. 8 U.S.C. § 1571(b) states:

"It is the sense of Congress that the processing of an immigration benefit application should be complete not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition. "

12. Plaintiffs' filings of Form I-539, either to change to H-4 status or extend H-4 status, is the types of nonimmigrant visa under section 1184(c) that Congress intends to have USCIS adjudicated within 30 days.

**H-4 EAD Rule**

13. The Immigration and Nationality Act ("INA") authorizes the issuance of nonimmigrant visas and status to professional workers to fill positions in the U.S. in specialty occupations in the H-1B classification as well as their spouses and children, in the H-4 classification. 8 U.S.C. § 1101(a)(15)(H).

14. H-1B and H-4 status is usually limited to 6 years. 8 U.S.C. § 1184(g)(4).

15. Many H-1B workers are sponsored by their employers to become "Lawful Permanent Residents" ("LPRs" or "green card holders") in the employment based ("EB") categories. 8 U.S.C. § 1153(b)(1), (2), and (3) (commonly EB1, EB2, and EB3).

16. The INA was amended on October 17, 2000 by The American Competitiveness in the Twenty First Century Act of 2000, Pub. L. No. 106-313, 114 Stat. 1253, Title I, § 104(c) ("AC21 § 104(c)") which provides special protections for beneficiaries of petitions subject to per country limitations, in a conforming amendment that is now Note 5 to 8 U.S.C. § 1184, which permits the beneficiary of an immigrant petition (Form I-140) in the EB1, EB2, or EB3 classifications (8 U.S.C. § 1153(b)(1), (2), and (3)) to exceed the 6 year maximum in H-1B or H-4 status if the beneficiary is "eligible to be granted that status but for application of the per country limitations applicable to immigrants under those paragraphs" and permits indefinite 3 year extensions of H-1B and H-4 status "until the alien's application for adjustment of status has been processed and a decision made thereon."

17. A regulation promulgated in 2015 authorizes the issuance of an Employment Authorization Document ("EAD") for H-4 spouse dependents who are derivative beneficiaries of approved I-140 immigrant petitions and who are prevented from finalizing their Lawful Permanent Resident applications due to per-country limitations on the number of green card approvals in a Fiscal year. Employment Authorization for Certain H-4 Dependent Spouses, 80 Fed. Reg. 10,284 (Feb. 25, 2015) (codified at 8 C.F.R. §§ 214.2, 274a) ("H-4 EAD Rule").

18. The H-4 EAD Rule was enacted to "ameliorate certain disincentives that currently lead H 1B nonimmigrants to abandon efforts to remain in the United States

while seeking [lawful permanent resident] status, thereby minimizing disruptions to U.S. businesses employing such workers." Save Jobs USA v. U.S. Dept. Homeland Security, 942 F.3d 504, 507 (2019), quoting 80 Fed. Reg. 10,284, 10,285.

19. The H-4 EAD Rule only allows H-4 EAD renewal applicants to renew their H-4 EAD 180 days prior to the expiry of their current H-4 EADs. 8 C.F.R. §§ 214.2, 274a.

**FACTS**

20. Plaintiffs are lawful nonimmigrant nationals of China applying for H-4 EADs based on their spouse's H-1B status and approved I-140 immigrant petition. Three of them, Plaintiffs Meng Xiao, Xinxin Li and Yao Yao are applying to extend their H-4 status and applying for H-4 EAD renewals. Another two Plaintiffs, Plaintiffs Beibei Du and Yun Gao are applying initial H-4 EADs.

21. Plaintiffs are not recent entrants to the United States; however, they all have or had been lawfully residing and working in the United States with valid status for years. Plaintiffs are intending prospective immigrants with a U.S. residence, and along with their spouses who are waiting for an available visa before filing an application to adjust status to Lawful Permanent Resident ("LPR"). The I-140 immigrant petition filed and approved for their spouses (and which enables them to immigrate as a derivative beneficiary) has "priority dates" or place in line.

22. Despite having waited for up to four years already in line to become eligible

for LPR status, it will still be a number of years until they are able to file for adjustment of status due to the per-country limitations in 8 U.S.C. § 1152(a)(2).

23. Plaintiffs have either filed to apply for initial H-4 EAD or renewal of H-4 EAD pursuant to the special provisions of AC21 § 104(c). Two of them, Plaintiffs Beibei Du and Yun Gao, are applying for initial H-4 EADs. The other three of them, Plaintiffs Meng Xiao, Xinxin Li, and Yao Yao, are applying for H-4 EAD renewals.

24. Three Plaintiffs, Meng Xiao, Xinxin Li, and Yao Yao, are applying for H-4 status and EAD renewals. These Plaintiffs have or had been working under their H-4 EADs in the past years. However, they are or will be forced to stop their continuous employment or could not start new job as expected when their current H-4 EADs expire, as the alleged H-4 EAD renewal applications are still pending with USCIS. Plaintiff Meng Xiao finally received her dream offer, and she needs USCIS adjudicating her EAD to start her Advisory Associate position at KPMG LLP. Plaintiff Xinxin Li is working as an Associate Scientist for Ascendis Pharma. She would have to cease her hob and face he potential risk of losing her employment as her current valid H-4 EAD will expire on August 15, 2021. Plaintiffs, Yao Yao's current H-4 EAD will expire shortly on August 14, 2021. She needs her EAD renewal application to be approved to continue her job as a Senior Attorney for Reising Ethington P.C.

25. Plaintiffs Beibei Du and Yun Gao are in H-4 status without an EAD. They have timely applied for an EAD as early as possible in order to start working in the United

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

States and yield income for their families. Plaintiff Beibei Du has been rehired by her previous employer due to her great contribution to the company. She needs a valid EAD to start her work. Plaintiff Yun Gao has already received her dream offer; however, she has to stay unemployed until her EAD application has been approved. All of them have finished their higher educations and have been able to secure job offers. However, they were unable to start working solely because of the prolonged delay of adjudication on their H-4 EAD applications.

26. Plaintiffs timely filed their H-4 and EAD applications, before the expiration date of their current status and EADs and as soon as they became eligible to file for the H-4 EAD. Plaintiffs Xinxin Li and Yao Yao applied early in order to work continuously on the same job position that they have been served for years. Plaintiffs Meng Xiao and Yun Gao also applied on earliest possible date which they are eligible to sit for the position they have been offered and yield income for their families.

27. Plaintiffs have been suffering emotional hardships because of the immediacy of their loss of employment. Plaintiffs and their families have and will suffer severe financial loss and be in a helpless situation when they lose their employment.

28. Plaintiffs are having a family to support, they need to work to earn their family a stable life in the United States, especially for the Plaintiffs who are supporting children in their family. Plaintiff Beibei Du is a mother of two children, one was born May 15, 2017, the other was born on December 20, 2020. Plaintiff Yun Gao has a two-

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

year-old child to support. Her child would only be able to receive a good education and a nice living condition when Plaintiff Gao started working under a valid EAD. Plaintiff Yao Yao also has two children, one was born on June 11, 2013, the other was born on November 2, 2016. All three Plaintiffs are mothers of young children, they have been working hard in the past to support their children's future. They are in desperate need of their valid H-4 EAD to either continue their current job or start her new career in the United States.

29. Plaintiff Xinxin Li, specifically, has already suffered from USCIS's delay of processing H-4 and EAD applications once this year. On August 1, 2021, Plaintiff Li filed her initial H-4 and EAD applications, more than five months before the expiry of her previous OPT EAD, in order to continuously for her pervious employer. However, USCIS finally approved her H-4 and EAD on June 11, 2021, more than 10 months after the filing, which resulted in her job termination and four-month unemployment from February to June 2021. Plaintiff Li is capable enough to secure another employment and has started working in June 2021. However, her initial H-4 EAD is only valid for two months until August 15, 2021, which means she will experience the exact same tragedy caused by USCIS twice a year. The repetitive and routinely delay has caused extreme financial harms to Plaintiff Li.

30. If Plaintiffs lose employments, they and their families will suffer financial hardship because of the loss of their employment and income. They will also suffer from

emotional hardships due to the unstable future of their life, which may cause difficulties to their young children and incoming babies. Losing half of their household income due to Plaintiffs' unemployment is devastated to their families and children during a global pandemic.

31. Plaintiffs relied on the H-4 EAD Rule to obtain EADs in order to seek for employment. Plaintiffs either have engaged in or is going to engage in critical work for their employers, who rely or will reply on Plaintiffs to achieve their institutional business goals.

32. The delay in adjudicating Plaintiffs' timely filed EAD applications will cause significant financial and emotional hardships to Plaintiffs and will cause disruption to their work for their U.S. employers amid COVID-19 pandemic. This has caused consternation and anxiety to Plaintiffs, who are eligible for EADs, as they may lose eligibility due to the continued unreasonable delay by Defendants.

## CAUSE OF ACTION

## USCIS NEGLECTS THEIR CONSTITUTIONAL DUTY TO CARRY OUT THEIR MINISTERIAL DUTIES IN A TIMELY MANNER

33. Defendants failed to comply with the statutory timeline in 8 U.S.C. § 1571 mandating adjudication of nonimmigrants' EADs within 30 days in violation of the APA. Defendants' duty to timely adjudicate Plaintiffs nonimmigration benefits within 30 days after the filing is nondiscretionary and charged by Congress. Under Section 202 of *the*

*American Competitiveness in the Twenty-first Century of 2000* ("AC 21"), the text clearly states that "a nonimmigrant visa under section 214(c) of the Immigration and Nationality Act should be processed not later than 30 days after the filing of the petition." Plaintiffs' applications for H-4 status are clearly the kind of nonimmigrant visa which the agency should adjudicate within 30 days after the filing. Noteworthy, the legislative history, H.R. 5871, recognized the backlog of nonimmigrant applications in the Department's processing system, but still suggests that

> "[t]he Department (U.S. Department of Homeland Security) cannot assign a processing time goal that is longer than a maximum processing timeframe set forth in section 202 of the American Competitiveness in the Twenty-first Century Act of 2000" (emphasis added)

even when there is a backlog. To Amend the Immigration Services and Infrastructure Improvements Act of 2000 to provide for additional rules regarding processing of immigration applications, and for other purposes. H.R. 5871, 116th Cong. §3 (2020). Thus, this Court has the authority to compel Defendants to adjudicate Plaintiffs' I-539 and I-765 applications and grant them EADs pursuant to the APA. 5 U.S.C. §§ 555, 702, 706(1)-(2)(A).

## CLAIMS FOR RELIEF

*Administrative Procedure Act*

34. The Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1), provides the Court with authority to compel agency action unreasonably delayed.

**5 U.S.C. § 555(b)**

"…. So far as the orderly conduct of public business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency function. **With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it**…." (emphasis added.)

**5 U.S.C. § 706**

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall — (1) **compel agency action unlawfully withheld or unreasonably delayed**; […]" (emphasis added.)

35. Defendants have unreasonably withheld and delayed adjudication of Plaintiffs' applications. As explained in paragraph 46 above, Plaintiffs had timely filed their H-4 and EAD applications, either early ahead of the expiration date of their current EADs status and, or as soon as they became eligible to file for the H-4 EAD. Given Plaintiffs' submission of multiple inquiries and expedite requests to demonstrate their hardships and the urgency of their situation to USICS, it is unreasonable for Defendants to delay the adjudication beyond the expiration date and 30 days after the filings, which has directly led to the Plaintiffs' inability to work consecutively in their current job

capacities.

### Mandamus Act

36. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiffs:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

37. Plaintiffs have clear rights to the relief requested. Plaintiffs' spouses' H-1B petition has already been approved and they are eligible for H-4 status as dependents, thus, under the H-4 EAD Rule, they are also eligible for H-4 EADs that matched the time period of their H-4 status.

38. Defendant has a legal obligation to perform the act in question – to adjudicate the H-4 extension and EAD renewal in a reasonable time under the circumstances.

39. Under the circumstances it is unreasonable for Defendants to delay issuance of Plaintiffs' H-4 status related requests when the agency has already granted their spouses' petitions and where their status and work authorization has expired or will soon expire, and they will lose their jobs if Defendants fail to timely act upon their pending

applications.

40. No other adequate remedy is available. Plaintiffs have already exhausted administrative measures to seek for an expedite action of their applications setting out facts for consideration under the circumstances, and Defendant agency has denied that requests. They have exhausted all the possible resources to expedite action on the EAD applications.

## ATTORNEYS' FEES

41. Plaintiffs incorporate paragraphs 1 to 49 as if fully stated herein.

42. As a result of Defendants' unlawful actions, Plaintiffs were required to retain legal counsel and to pay counsel reasonable attorneys' fees. Plaintiffs qualify for fees, expenses, and costs under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412.

43. Pursuant to the EAJA, Plaintiffs respectfully request recovery of their costs, expenses, and fees as the Defendants' actions are not and have not been substantially justified.

## PPRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Assume jurisdiction over this action and grant them relief.

B.  Compel Defendants to adjudicate Plaintiffs' I-539 and I-765 applications as soon as possible.

C.  Award Plaintiffs' reasonable costs and attorney's fees under the Equal Access to Justice Act; and

D.  Award such further relief as the Court deems necessary or proper.

Dated this 6th day of August 2021                    Respectfully submitted

_____
ROBERT K. LU
　rlu@reidwise.com
**REID & WISE LLP**
U.S. Bank Tower
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel.: 619.300.1849
*Attorney for Plaintiffs*